UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

## 08-22299-CIV-SEITZ/O'SULLIVAN

SCOTT BONEY,
by and through ELIZABETH
BONEY, conservator;  and
ELIZABTH BONEY individually

      Plaintiff,

vs.

CARNIVAL CORPORATION,
KADE MCRAE, JOHN DOES
(ship's doctor(s)), JANE DOES
(ship's nurse(s))

      Defendants.

_____/

FILED by ___*JC*___ D.C.
ELECTRONIC

**AUG. 15, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs sue Defendants and allege:

### I. PRELIMINARY ALLEGATIONS

1.    Plaintiffs are residents of California.  Elizabeth Boney is the lawfully appointed conservator for Scott Boney who is legally incapacitated.

2.    Defendant, Carnival Corporation is a Panamanian Corporation with its principal place of business in Miami, Florida.  Defendant KADE MCRAE is a resident of Utah.

3.    The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

4.    Defendant, Carnival Corporation, at all times material hereto, personally or through an agent;

    a.    Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.   Was engaged in substantial activity within this state;

c.   Operated vessels in the waters of this state;

d.   Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

e.   The acts of Defendant Carnival set out in this Complaint occurred in whole or in part in this county and/or state.

f.   The defendant, Carnival Corporation, as a common carrier was engaged in the business of providing to the public and to the plaintiff in particular, for compensation, vacation cruises aboard the vessel, Elation.

5.   Defendant, KADE MCRAE is a party to a passenger ticket contract for the subject cruise aboard the vessel, Elation, and pursuant to the terms and conditions of the ticket contract, has subjected himself to the jurisdiction of this Court.

6.   The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.   At all times material hereto, Defendant, Carnival Corporation, owned, operated, managed, maintained and/or controlled the vessel, Elation.

8.   At all times material hereto, KADE MCRAE, was an individual aboard the vessel, Elation, who assaulted and/or battered and/or negligently injured the Plaintiff Scott Boney.

9.   On or about September 17, 2007, Plaintiff Scott Boney was a paying passenger on the Carnival Elation which was in navigable waters.

## II. COUNT I - NEGLIGENCE AGAINST CARNIVAL CORPORATION

10.   Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 9 as though alleged originally herein.

11.    It was the duty of Defendant, Carnival Corporation, to provide Plaintiff Scott Boney with reasonable care under the circumstances.

12.    On or about September 17, 2008, Defendant, Carnival Corporation, and/or its agents, servants, and/or employees breached its duty to provide Plaintiff Scott Boney with reasonable care under the circumstances.

13.    On or about the above date, Plaintiff Scott Boney was injured due to the fault and negligence of Defendant, Carnival Corporation, and/or its agents, servants, and/or employees as follows:

    a.    Failing to provide reasonably safe conditions for the Plaintiff during his voyage aboard the Carnival Elation.  The unsafe conditions included but are not limited to (1) permitting passengers to become extremely intoxicated by over serving them alcohol for profit; and/or (2) Failing to accompany intoxicated passengers safely to their cabin and out of harm's way and/or (3) failing to control young adults who were out of control so as to be dangerous to others; and/or (4) failing to prevent assault and batteries on other passengers; and/or

    b.    Failed to warn the Plaintiff and other passengers of the dangers of becoming extremely intoxicated; and/or

    c.    Failed to disclose to the Plaintiff and other passengers prior problems associated with passengers becoming extremely intoxicated due to over serving of alcohol on the vessel; and/or

    d.    Failed to promulgate and/or enforce procedures to prevent passengers from becoming extremely intoxicated; and/or

    e.    Failed to protect passengers from assaults and/or batteries from other passengers; and/or

f. Failed to provide adequate security aboard the Carnival Elation so as to allow and/or fail to prevent intoxicated passengers on the vessel; and/or

g. Failed to maintain and monitor security cameras on ship so as to allow and/or fail to prevent intoxicated passengers from becoming injured; and/or

h. Failed to provide adequate training and supervision for their crew members / employees in regard to preventing crew members from over serving alcohol to passengers who are already intoxicated; and/or

i. Failed to adequately monitor intoxicated passengers so as to keep them from assaulting other passengers and/or be assaulted by other passengers; and/or

j. Failed to adequately monitor intoxicated passengers so as to keep them from hazards aboard the ship; and/or

k. Continuing to serve alcohol to intoxicated passengers including, but not limited to the Plaintiff; and/or

l. Failing to promulgate and/or enforce rules to prevent the service of alcohol to intoxicated passengers and/or encouraging the sale of alcohol to intoxicated passenger by use of a system of tips to compensate bar tenders and bar servers as their main source of income; and/or

m. Failing to assist intoxicated passengers, including but not limited to the Plaintiff, safely back to their cabin; and/or

n. Failing to provide adequate security to prevent and or timely intervene in altercations or disputes among passengers aboard the ship; and/or

o. Failure to provide adequate security procedures aboard the vessel so as to ensure that violent passengers will not assault and batter other passengers; and/or

p. Failure to respond to altercation between passengers in a timely manner; and/or

q.    Failure to prevent Plaintiff from being assaulted and/or battered by a violent passenger; and/or

r.    Failure to adequately monitor ship's common areas so as to timely identify and respond to passenger assaults and/or batteries; and/or

s.    Failure to have proper procedures in place to prevent passenger assaults and/or batteries; and/or

t.    Serving excessive amounts of alcohol to passengers; and/or

u.    Allowing passengers to become dangerously intoxicated; and/or

v.    Failing to identify the dangers of serving excessive amounts of alcohol to passengers; and/or

w.    Failing to identify the dangers of allowing intoxicated passengers to roam the vessel; and/or

x.    Failing to supervise intoxicated passengers aboard the vessel; and/or

y.    Failing to have an adequate number of security personnel aboard the ship so as to prevent passenger assaults and/or batteries; and/or

z.    Failing to adequately train ship's crew to help prevent passenger assaults and/or batteries; and/or

aa.   Failing to adequately train ship's security to help prevent passenger assaults and batteries and/or

bb.   Failing to warn Plaintiff of dangers of other passengers aboard the ship; and/or

cc.   Failing to warn Plaintiff of lack of security in common areas aboard the ship; and/or

dd.   Creating dangerous situation aboard the ship by serving excessive amounts of alcohol to passengers; and/or

ee.   Failing to properly gather and maintain evidence after the plaintiff was assaulted or battered; and/or

ff.   Failed to timely divert the vessel or to evacuate the plaintiff by helicopter or to provide plaintiff with prompt, proper and adequate medical care; and/or

gg.   Violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual; and/or

hh.   Failed to hire properly qualified ship's doctors and/or nurses; and/or

ii.   Failed to hire properly licensed ship's doctors and/or nurses which had the proper licenses in the jurisdiction of the flag of the ship on which they were hired to provide medical care; and/or

jj.   Failed to disclose to passengers that the ship's doctors and/or nurses: (1) did not have the proper licenses in the jurisdiction of the flag of the ship on which they were hired to provide medical; and/or (2) were not properly qualified; and/or

kk.   Negligently relied on the medical opinions and/or advice and/or instructions of ship's doctors who were: (1) not properly qualified; and/or (2) failed to have the proper licenses in the jurisdiction of the flag of the ship on which they were hired to provide medical care; and/or

ll.   Negligently retained ship's doctors and/or nurses which did not have the proper licenses in the jurisdiction of the flag of the ship on which they were hired to provide medical care; and/or

mm.   Negligently retained ship's doctors and/or nurses which were not properly qualified.

oo.   Cancelling and/or delaying plaintiff's flight to the United States so as to delay his medical care.

All of the above caused the plaintiff to be injured and/or which caused the plaintiff's injuries to be aggravated and made worse.

14.     As a direct and proximate result of the negligence of Defendant, Carnival Corporation, the Plaintiff was assaulted, battered, and/or fell down a flight of stairs.

15.     At all times material hereto, Defendant negligently failed to determine the hazards on the vessel to plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn plaintiff of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of the above caused the plaintiff to be injured.

16.      Defendant  knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

17.     As a result of the negligence of Defendant, Carnival Corporation, the Plaintiff Scott Boney was injured about his body and extremities, suffered severe brain damage, lapsed into a coma, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including psychiatric and life care, incurred special transportation costs after being discharged from the vessel in Mexico, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

Further plaintiff lost the value of his vacation cruise for which he incurred expenses including but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

Wherefore, the plaintiff demands judgment for all damages recoverable under the law against the defendants and demands jury trial of all issues so triable.

### III. COUNT II - NEGLIGENCE AGAINST KADE MCRAE

16.     Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 9 as though alleged originally herein.

17.     It was the duty of Defendant, KADE MCRAE, to act with reasonable care as it pertained to the Plaintiff.

18.     On or about September 17, 2007, Defendant, KADE MCRAE, breached his duty to act with reasonable care as it pertained to the Plaintiff.

19.     On or about the above date, Plaintiff Scott Boney was injured due to the fault and negligence of Defendant, KADE MCRAE, as follows:

    a.      Shoving the Plaintiff; and/or

    b.      Assaulting the Plaintiff; and/or

    c.      Consuming alcohol after being intoxicated; and/or

    d.      Assaulting and/or battering the Plaintiff when he was intoxicated and/or

    e.      Failing to use reasonable force under the circumstances; and/or

    f.      Failing to retreat when the opportunity was available; and/or

    g.      Failing to call security if it was necessary; and/ or

    h.      Failing to render assistance or call for help after the plaintiff had fallen down the stairs.

20. As a direct and proximate result of the negligence of Defendant, KADE MCRAE, the Plaintiff fell down a flight of stairs and was injured.

21. As a result of the negligence of Defendant, KADE MCRAE,  the Plaintiff Scott Boney was injured about his body and extremities, suffered severe brain damage, lapsed into a coma,  suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including psychiatric and life care, incurred special transportation costs after being discharged from the vessel in Mexico, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further plaintiff lost the value of his vacation cruise for which he incurred expenses including but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

Wherefore, the plaintiff demands judgment for all damages recoverable under the law against the defendants and demands jury trial of all issues so triable.

### IV. COUNT III - INTENTIONAL TORT OF ASSAULT AGAINST KADE MCRAE

22. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 9 as though alleged originally herein.

23. On or about September 17, 2007, the Plaintiff was assaulted and battered  by Defendant, KADE MCRAE.

24.     As a direct and proximate result of the assault and battery of the Plaintiff by Defendant, KADE MCRAE, the Plaintiff fell down a flight of stairs.

25.     As a result of the intentional tort of assault by Defendant, KADE MCRAE, the Plaintiff Scott Boney was injured about his body and extremities, suffered severe brain damage, lapsed into a coma, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including psychiatric and life care, incurred special transportation costs after being discharged from the vessel in Mexico, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further plaintiff lost the value of his vacation cruise for which he incurred expenses including but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

Wherefore, the plaintiff demands judgment for all damages including punitive damages recoverable under the law against the defendants and demands jury trial of all issues so triable.

## V. COUNT IV – APPARENT AGENCY AGAINST CARNIVAL FOR ACTS OF JOHN DOE(S) AND/OR JANE DOE(S)

26.     Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 9 as though alleged originally herein.

27.     At all times material hereto John Doe(s) were ships physicians aboard the vessel Elation

on or about September 17, 2007.  The Plaintiff is unaware of the legal identities of the

ships doctors; however, will amend to include their legal name(s) when discovered.

28.    At all times material hereto Jane Doe(s) were ships nurses aboard the vessel Elation on or

about September 17, 2007. The Plaintiff is unaware of the legal identities of the ships

doctors; however, will amend to include their legal name(s) when discovered.

29.    At all times material hereto Defendants, John Doe(s) and Jane Doe(s) were represented to

the Plaintiff, the Plaintiff's family, and the ship's passengers as employees and/or agents

of Defendant, Carnival.

30.    At no time did the Defendants, John Doe(s) and/or Jane Doe(s) and/or Carnival represent

to the Plaintiffs in particular or the ship's passengers in general in a meaningful way that

John Doe(s) and/or Jane Doe(s) were not agents or employees of Carnival.

31.    At all material times, the Plaintiff relied on the representations that John Doe(s) and/or

Jane Doe(s) were employees and/or agents of Defendant, Carnival.

32.    At all material times, the Defendant Carnival is estopped to deny that John Doe(s) and/or

Jane Doe(s) were its agents or employees.

33.    On or about September 17, 2007, Defendant Carnival Corporation had a duty to provide

the Plaintiff Scott Boney with reasonable care under the circumstances and thorough the

acts of its apparent agents, John Doe(s) and/or Jane Doe(s), and breached its duty to

provide Plaintiff with reasonable care under the circumstances.

34.    Plaintiff Scott Boney was injured due to the fault and/or negligence of Defendant

Carnival through the acts of its apparent agents, John Doe(s) and/or Jane Doe(s), as

follows:

    a.    Failure to provide prompt, proper, and/or adequate medical care; and/or

    b.    Failing to timely evacuate the Plaintiff immediately from the ship and/or timely

divert the ship; and/or

c.  Failing to have proper licenses to practice medicine in the jurisdiction of the ship.

35.  As a result of the negligence of Defendants John Doe(s) and/or Jane Doe(s) for which
Defendant Carnival is vicariously liable, the Plaintiff Scott Boney was injured about
plaintiff's body and extremities, suffered severe brain damage, lapsed into a coma,
suffered physical pain, mental anguish, loss of enjoyment of life, disability,
disfigurement, aggravation of any previously existing conditions therefrom, incurred
medical expenses in the care and treatment of plaintiff's injuries, suffered physical
handicap, lost wages and his working ability has been impaired.  The injuries are
permanent or continuing in nature and Plaintiff will suffer the losses and impairments in
the future. In addition, plaintiff lost the benefit of plaintiff's vacation, cruise, and
transportation costs.

Wherefore, the plaintiff demands judgment for all damages recoverable under the law
against the defendant and demands trial by jury.

## VI. COUNT V – JOINT VENTURE BETWEEN CARNIVAL AND JOHN DOE(S) AND/OR JANE DOE(S)

36.  Plaintiffs reallege, adopt, and incorporate by reference the allegations in paragraphs 1
through 9 as though alleged originally herein.

37.  At all times material hereto John Doe(s) were ships physicians aboard the vessel Elation
on or about September 17, 2007.  The Plaintiff is unaware of the legal identities of the
ships doctors; however, will amend to include their legal name(s) when discovered.

38.  At all times material hereto Jane Doe(s) were ships nurses aboard the vessel Elation on or
about September 17, 2007. The Plaintiff is unaware of the legal identities of the ships
doctors; however, will amend to include their legal name(s) when discovered.

39.    At all material Defendant Carnival and Defendants John Doe(s) and/or Jane Doe(s) engaged in a joint venture to operate a ship's medical facility for passengers onboard Carnival's ship, Elation, for a profit.

40.    As its part of the joint venture, Defendant, Carnival, financed and equipped the ship's medical facility and assisted in running it. As its part of the joint venture, Defendants John Doe(s) and/or Jane Doe(s) provided labor and/or assisted in running the ship's medical facility so as to generate charges to passengers which were thereby collected by Carnival and the money collected then shared by Carnival and John Doe(s) and/or Jane Doe(s).

41.    Both Carnival and John Doe(s) and/or Jane Doe(s) had control over aspects of the joint venture. John Doe(s) and/or Jane Doe(s) had control over the day to day workings of the ship's medical facility. Carnival also had control over the day to day workings of the ship's medical facility and had control over the billings and collections for the ship's medical facility.

42.    Carnival and John Doe(s) and/or Jane Doe(s) therefore:

      a.    Had a community of interest in the performance of the common purpose, i.e., the operation of a ship's medical facility for passengers for profit;

      b.    Had a joint control or right of control with respect to the operation of the ship's medical facility;

      c.    Had a right to share in the profits of the joint venture;

      d.    Would share losses which may have been sustained.

43.    As joint venturers, Carnival and John Doe(s) and/or Jane Doe(s) are liable for each other's negligence. As a result, Carnival is liable for the negligent conduct of John Doe(s) and/or Jane Doe(s) and damages previously described in this complaint.

44.    Plaintiff Scott Boney was injured due to the fault and/or negligence of Defendant

Carnival through the acts of its apparent agents, John Doe(s) and/or Jane Doe(s), as follows:

a.     Failure to provide prompt, proper, and/or adequate medical care; and/or

b.     Failing to timely evacuate the Plaintiff immediately from the ship and/or timely divert the ship; and/or

c.     Failing to have proper licenses to practice medicine in the jurisdiction of the ship.

45.     As a result of the negligence of John Doe(s) and/or Jane Doe(s) for which Carnival is liable as joint venturer, the Plaintiff Scott Boney was injured about plaintiff's body and extremities, suffered severe brain damage, lapsed into a coma suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, plaintiff lost the benefit of plaintiff's vacation, cruise, and transportation costs.

Wherefore, the plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

## VII. COUNT VI - NEGLIGENCE AGAINST JOHN DOE(S) AND/OR JANE DOE(S)

46.     Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 9 as though alleged originally herein.

47.     At all times material hereto John Doe(s) were ships physicians aboard the vessel Elation on or about September 17, 2007. At all times material hereto John Does(s) and Jane Does(s) had an agreement in effect with Defendant Carnival which provided that Carnival would provide indemnity insurance coverage for the claims made in this action and as

such Plaintiffs are third party beneficiaries of those agreements. Further the agreements subjected John Doe(s) and Jane Doe(s) to the jurisdiction of this Court. The Plaintiff is unaware of the legal identities of the ships doctors; however, will amend to include their legal name(s) when discovered.

48.    At all times material hereto Jane Doe(s) were ships nurses aboard the vessel Elation on or about September 17, 2007. The Plaintiff is unaware of the legal identities of the ships doctors; however, will amend to include their legal name(s) when discovered.

49.    It was the duty of Defendants, John Doe(s) and/or Jane Doe(s), to provide Plaintiff Scott Boney with reasonable care under the circumstances and/or medical care which did not fall below the applicable standard of care for cruise ship doctors and/or nurses.

50.    On or about September 17, 2008, Defendants, John Doe(s) and/or Jane Doe(s), and/or their agents, servants, and/or employees breached their duty to provide Plaintiff Scott Boney with reasonable care under the circumstances.

51.    On or about the above date, Plaintiff Scott Boney was injured due to the fault and negligence of Defendants, John Doe(s) and/or Jane Doe(s), and/or their agents, servants, and/or employees as follows:

   a.    Failure to provide prompt, proper, and/or adequate medical care; and/or

   b.    Failing to timely evacuate the Plaintiff immediately from the ship and/or timely divert the ship; and/or

   c.    Failing to have proper licenses to practice medicine in the jurisdiction of the ship.

52.    As a direct and proximate result of the negligence of Defendants, John Doe(s) and/or Jane Doe(s), the Plaintiff suffered injuries and/or his injuries were aggravated and/or made worse.

53.     As a result of the negligence of Defendants, John Doe(s) and/or Jane Doe(s), the Plaintiff

Scott Boney was injured about his body and extremities, suffered severe brain damage,

lapsed into a coma, suffered physical pain and suffering, mental and emotional anguish,

loss of enjoyment of life, physical disability, impairment, inconvenience in the normal

pursuits and pleasures of life, feelings of economic insecurity caused by disability,

disfigurement, aggravation of any previously existing conditions therefrom, incurred

medical expenses in the care and treatment of his injuries including psychiatric and life

care, incurred special transportation costs after being discharged from the vessel in

Mexico, suffered physical handicap, lost wages, income lost in the past, and his working

ability and earning capacity has been impaired. The injuries and damages are permanent

or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

Further plaintiff lost the value of his vacation cruise for which he incurred expenses

including but not limited to the cost of the cruise ticket for himself and others as well as

transportation costs.

Wherefore, the plaintiff demands judgment for all damages recoverable under the law

against the defendants and demands jury trial of all issues so triable.

## VIII. COUNTVII - LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

54.     The Plaintiff. Elizabeth Boney, realleges the foregoing paragraphs and further alleges:

55.     At all times material hereto, Plaintiff  Elizabeth Boney  was the lawful spouse of Plaintiff

Scott Boney.

56.      That as a direct and proximate result of Defendants' negligence and other conduct, the

Plaintiff, Elizabeth Boney, has in the past and will in the future suffer loss of services,

companionship, love and affection, support and consortium.

WHEREFORE, the Plaintiff spouse demands judgment against the Defendants and

demands trial by jury.

LIPCON, MARGULIES & ALSINA, P.A.
Attorneys for Plaintiff
Suite 1776, One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 373-3016
Fax:       (305) 373-6204
Email: JMargulies@lipcon.com
Email: CLipcon@lipcon.com


By_____
JASON R. MARGULIES
FLORIDA BAR NO. 057916

CHARLES R. LIPCON
FLORIDA BAR NO. 137942

JS 44 (Rev. 11/05)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases.

**ELECTRONIC**
**AUG. 15, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**I. (a) PLAINTIFFS**
Scott Boney + Elizabeth Boney

**DEFENDANTS**
Carnival Corp., McRae, John Does, Jane D

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Miami Dade County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lipcon, Margulies & Alsina, PA
One Biscayne Tower Suite 1776
2 South Biscayne Blvd
Miami, FL 33131 (305) 373-3016

Attorneys (If Known)

(d) Check County Where Action Arose:  ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade | 08-22299-CIV-Seitz | O'Sullivan

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 630 Liquor Laws | ☐ 490 Cable/Sat TV |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 690 Other | |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | | | ☐ 891 Agricultural Acts |
| | | | | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO
JUDGE                     DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
PASSENGER CLAIM ON VESSEL FOR INJURIES

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 8-14-08

FOR OFFICE USE ONLY
AMOUNT 350 -  RECEIPT # 985535  IFP