**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 08-22299-CIV-SEITZ/O'SULLIVAN

SCOTT BONEY and ELIZABETH BONEY,

      Plaintiffs,

v.

CARNIVAL CORPORATION, et al.,

      Defendants.

_____/

## ORDER DENYING PLAINTIFFS' AMENDED MOTION FOR LEAVE TO AMEND THIRD AMENDED COMPLAINT

THIS MATTER is before the Court on Plaintiffs' Amended Motion for Leave to Amend Third Amended Complaint [DE-117]. Plaintiffs now seek leave to file a Fourth Amended Complaint adding a claim for punitive damages. Defendant, Carnival Corporation, argues in response that (1) Plaintiffs' request is untimely and would unduly prejudice Defendants, and (2) adding a claim for punitive damages would be futile as punitive damages are not permitted in the Eleventh Circuit for a personal injury claim brought by a passenger under general maritime law.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend pleadings "shall be freely given when justice so requires." However, a court can deny leave to amend on "numerous grounds", including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment," or "futility of amendment." *Spanish Broad. Sys. v. Clear Channel*, 376 F.3d 1065, 1077 (11th Cir. 2004); *Brewer-Giogio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000).

1

Furthermore, the Court cannot grant Plaintiffs' request for leave to amend without a showing of "good cause" for amending its case management schedule. Fed. R. Civ. P. 16(b)(4). The Parties agreed in their Joint Scheduling Report that the deadline for amending pleadings was July 6, 2009 [DE-36], and Plaintiffs are now requesting leave to add a claim for punitive damages over three months after the expiration of that deadline.

First, Plaintiffs have not shown good cause for permitting the addition of a claim for punitive damages at this late stage in the litigation based on facts recently uncovered in discovery. Though Plaintiffs assert that Carnival has only recently provided discovery revealing the information underlying Plaintiffs' proposed punitive damages claim, Plaintiffs do not claim that Defendants have engaged in any inappropriate conduct that may have delayed Plaintiffs from taking discovery. Additionally, this action was filed in August of 2008 [DE-1] and Plaintiffs could have requested discovery as soon as Carnival answered the First Amended Complaint in November of 2008 [DE-18], if not sooner.

Furthermore, it is not at all clear that Plaintiffs needed to take significant discovery to add a punitive damages claim to their Complaint. While Plaintiffs may have recently gathered facts in discovery related to the compensation scheme of the ship's bar employees, Carnival's overservice of alcohol to Scott Boney, Scott Boney's medical treatment and security on board the cruise ship, those facts only confirm or supplement the numerous allegations concerning those same issues that Plaintiffs raised in its initial Complaint in August of 2008. (¶ 13(a) - (oo)).

Second, while *In re Amtrack "Sunset Limited" Train Crash in Bayou Canot*, 121 F.3d 1421 (11th Cir. 1997) unquestionably forbid Plaintiffs from asserting a claim for punitive damages until June 25, 2009, when the United States Supreme Court decided *Atlantic Southern*

2

*Co., Inc. v. Townsend*, 129 S. Ct. 2561 (2009),[1] Plaintiffs still had ample time to add a claim for punitive damages between the *Atlantic Southern* decision and the close of the pleading deadline on July 6, 2009. Even if any attempt to add a claim for punitive damages before *Atlantic Southern* would have been futile, nothing in Plaintiffs' briefing presents a justification for Plaintiff failing to seek punitive damages until four months after it was decided.

Finally, Defendants would suffer undue prejudice if leave to amend were granted at this late stage in the proceedings. While this case has been limited principally to the issue of whether Carnival's conduct amounts to negligence, the addition of a punitive damages claim would widen the scope of the litigation as the conduct justifying a punitive damages award is much more serious than conduct that is merely negligent. "A showing of even gross negligence, the degree of negligence that lies between ordinary negligence and willful and wanton conduct, is not enough" to justify a punitive damages award. *Chrysler Corp. v. Wolmer*, 499 So. 2d 823, 824 (Fla. 1986). Instead, "[t]he character of negligence necessary to sustain an award of punitive damages must be of 'a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects.'" *Id.* As discovery closes on December 18, 2009, Carnival would have less than a month to take any additional discovery necessary to defend against a new claim that it's conduct amount to a reckless disregard of the safety of its passengers.

---

[1] While the Court need not address whether *Atlantic Southern* overturns *Amtrack*, the Supreme Court's statements in that case that (1) punitive damages have historically been available under general maritime law and (2) the plaintiff, a seaman, was entitled to punitive damages absent Congressional abrogation of the common law, certainly raise the question of whether *Amtrack* is now valid law. *See Atlantic Southern*, 129 S.Ct. at 2567-68. While the Eleventh Circuit Court of Appeals stated in *Amtrack* that it looks "disfavorably" on the availability of punitive damages under maritime law, the Supreme Court has now suggested that punitive damages are available in general maritime claims unless Congress has expressed otherwise.

Furthermore, summary judgment motions are presently due on December 1, 2009 [DE-123]. Even if Carnival wanted to file a motion for summary judgment on Plaintiffs' claim for punitive damages without taking additional discovery, it would have less than two weeks to prepare one, and, in doing so, would likely have to review and compile evidence from the Parties' written discovery and over twenty depositions the Parties have already taken in this case. Having carefully considered Plaintiffs' Motion, it is hereby

ORDERED that Plaintiffs' Amended Motion for Leave to Amend Third Amended Complaint [DE-117] is DENIED.

DONE AND ORDERED in Miami, Florida, this ____ day of November, 2009.


_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

Furthermore, summary judgment motions are presently due on December 1, 2009 [DE-123].  Even if Carnival wanted to file a motion for summary judgment on Plaintiffs' claim for punitive damages without taking additional discovery, it would have less than two weeks to prepare one, and, in doing so, would likely have to review and compile evidence from the Parties' written discovery and over twenty depositions the Parties have already taken in this case.  Having carefully considered Plaintiffs' Motion, it is hereby

ORDERED that Plaintiffs' Amended Motion for Leave to Amend Third Amended Complaint [DE-117] is DENIED.

DONE AND ORDERED in Miami, Florida, this _20th_ day of November, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

4