UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-22299-CIV-SEITZ/O'SULLIVAN

SCOTT BONEY, et al.,
    Plaintiffs,

vs.

CARNIVAL CORPORATION, et al.,
    Defendants.
                               /

## ORDER

THIS MATTER is before the Court on the Defendant's Memorandum of Law In Support of Claimed Privilege for Incident Reports (DE # 107, 10/16/09), the Plaintiffs' Motion to File Documents Under Seal and for In Camera Inspection of Such Documents as Evidence in Opposition to Defendant's Motion for Protective Order (DE # 138, 11/23/09), and an informal discovery conference held before the undersigned on the Defendant's Request for Protective Order as to the Deposition of Micky Arison.  Having reviewed the applicable filings and law, having held a hearing in this matter, and having reviewed the documents for which there is a request to file under seal, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion to File Documents Under Seal and for In Camera Inspection of Such Documents as Evidence in Opposition to Defendant's Motion for Protective Order (DE # 138, 11/23/09) filed under seal is GRANTED in part and DENIED in part.  The Court reviewed the documents in camera during the hearing and found no reason for the documents to be filed under seal.  Accordingly, the Motion to Seal is DENIED.  The Clerk of Court is hereby directed to unseal the documents filed together with the Plaintiffs' Motion to File Documents Under Seal and for In Camera Inspection of Such Documents as Evidence in Opposition to Defendant's Motion for Protective Order (DE # 138, 11/23/09).  It is further

ORDERED AND ADJUDGED that the defendant's Request for Protective Order as to the deposition of Micky Arison is GRANTED.  The Plaintiff has not shown that Micky Arison has any unique or substantial knowledge over other corporate employees regarding whether excess beer consumption causes fights.  It is further

ORDERED AND ADJUDGED that for the reasons stated by the Court during the discovery conference, the Defendant's Request for a Ruling that the Court hold the Accident Reports Privileged is DENIED.  The defendant has not met its burden of showing that the incident reports are protected by the work product privilege.  As in <u>United States v. Davis</u>, 636 F.2d 1028 (5th Cir. 1981), the gathering of the information for these reports was routine.  The reports were prepared as a matter of course and were obtained by the company for various reasons unrelated to potential litigation.  Even if the reports were created at the direction of counsel, the creation of the reports was primarily for a business purpose.  The primary purpose of creating the reports was not in anticipation of litigation.  If the defendant chooses to appeal this ruling, the defendant shall do so by December 4, 2009.  If the defendant does not appeal this ruling, the subject reports and witness statements shall be provided to the plaintiff on or before December 11, 2009.  If the subject reports or witness statements note any disciplinary action, the defendant shall provide the information as to disciplinary action to the plaintiff.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 24th day of November, 2009.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Seitz
All Counsel of Record